1  Mitchell Miller, Esq. (SBN: 101109)
   MILLER LAW GROUP
2  260 Sheridan Avenue, Suite 208
   Palo Alto, CA 94306
3  Telephone: 650.566.2290
   Facsimile: 650.566.2298
4  mmiller@millerlg.com
5
6  Attorneys for Plaintiff MARK SCOWN dba HUMBOLDT REDWOODS INN
7
8                    UNITED STATES DISTRICT COURT
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  MARK SCOWN, doing business as          )  Case No. 3:16-cv-6751 CV
    HUMBOLDT REDWOODS INN                  )
12                                         )  **COMPLAINT FOR**
           Plaintiff,                      )
13                                         )  **(1) Trademark Infringement; False**
                    vs.                    )  **Designation of Origin and Unfair**
14                                         )  **Competition (Lanham Act §43(a), 15**
    ROSHAN B. PATEL doing business as      )  **U.S.C. §1125(a)**
15  HUMBOLDT REDWOOD INN, an entity;       )
    and Does 1-10, inclusive,              )  **(2) Trademark Infringement (Common**
16                                         )  **Law and Cal. Business and Prof. §14200 et**
           Defendants.                     )  **seq.)**
17                                         )
                                           )  **(3) Unfair Competition and Passing Off**
18                                         )  **(Common Law and Cal. Business and**
                                           )  **Prof. §17200)**
19                                         )
                                           )  **(4) Unjust Enrichment**
20                                         )
                                           )  **(5) Intentional Interference with**
21                                         )  **Prospective Economic Advantage**
22  _____          **DEMAND FOR JURY TRIAL**
23
24
25        Plaintiff Mark Scown, dba "Humboldt Redwoods Inn" ("Scown"), by and through its
26  undersigned attorneys, hereby complains of defendant Humboldt Redwood Inn ("HRI"), alleging
27  as follows:
28

-1-
**COMPLAINT**

**THE MARKS AT ISSUE**

1.     Scown owns and operates an intimate classic country hotel named the "Humboldt Redwoods Inn" in Garnerville, Humboldt County, California and has used the mark "Humboldt Redwoods Inn" for the hotel and ambiance provided therein from on or about 1993. Defendant HRI owns and operates a hotel named the "Humboldt Redwood Inn" in nearby Fortuna, Humboldt County, California, and the Defendant's hotel has adopted and used the name "Humboldt Redwood Inn" since only the spring of 2016, some 23 years after Plaintiff started using the mark "Humboldt Redwoods Inn".  As one will note only after looking very carefully at the two names, the only difference between the name of Plaintiff's hotel and that of Defendant is that Defendant has dropped the "s" from the word "Redwoods" – stated differently, the names listed side by side are: *Humboldt Redwoods Inn* vs. *Humboldt Redwood Inn.*

**NATURE OF ACTION**

2.     This is an action for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement under Cal. Bus & Prof. Code §14200, common law unfair competition and passing off under §17200 of the California Bus. & Prof. Code, intentional interference with prospective economic advantage, and unjust enrichment arising from HRI passing off its hotel services ("HRI Hotel Services") provided to the public under the name "Humboldt Redwood Inn" to travelers, tourists, vendors, and others in need of or interested in hotel services (hereinafter such person or persons in need of or interested in hotel services may be referred to as "Customers") in commerce, as the hotel services provided by Scown ("Scown Hotel Services") to the public under the name "Humboldt Redwoods Inn".   Scown has spent many years building the reputation of the Humboldt Redwoods Inn as an industry leader in providing charming, personalized, and quality hotel lodging accommodations.  Defendant HRI has sought to trade on that reputation of Plaintiff by misleading Customers throughout California and beyond into believing they were receiving Scown Hotel Services instead of HRI Hotel Services.   HRI's intentional malfeasance has damaged the reputation of the Scown Hotel Services, has cost Scown to lose untold numbers of sales, and has unjustly enriched HRI.

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because it involves claims arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*  This Court has supplemental jurisdiction over claims in this action pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial portion of the activities giving rise to the claims alleged in this Complaint occurred in the Northern District of California and more particularly in Humboldt County in that HRI offers its HRI Hotel Services for sale in this district.  In addition, and on information and belief, HRI has its principal place of business in the Northern District of California.

5.     This is an intellectual property action subject to district-wide assignment pursuant to Civil Local Rule 3-2(c).

**THE PARTIES**

6.     Scown is an individual doing business as "Humboldt Redwoods Inn" and provides the Scown Hotel Services in this judicial district.

7.     On information and belief, Roshan B. Patel is an individual doing business as HRI, or in the alternative HRI is a California entity having its principal place of business in this judicial district.

8.     HRI has sold HRI Hotel Services throughout the State of California and in interstate commerce, including a substantial number of sales in this judicial district.

9.     Plaintiff does not know the true names of defendants DOES 1 through 50, inclusive, and therefore sues them by those fictitious names. When their true names and capacities are ascertained, Plaintiff will amend this complaint to insert their true identities.

**SCOWN'S BUSINESS AND MARKS**

10.     For more than 23 years, Scown has been providing hotel services through the Humboldt Redwoods Inn.

11.     Founded in 1993 in Humboldt County, California, the Scown Hotel Services quickly established a reputation as a provider of charming, personalized, and quality hotel

lodging accommodations.  Scown's unique hotel lodging services  have been consistently promoted, distributed, and sold under the "Humboldt Redwoods Inn" name and mark (hereinafter jointly and severally the "SCOWN MARK") in interstate commerce since 1993.

12.     As a result of its intimate classic country "small town" look and feel, the value it has consistently provided to its Customers, its dedication to customer service and satisfaction, and its extensive promotion and advertisement of the SCOWN MARK brand and name, Scown Hotel Services provided under the SCOWN MARK have  become one of the most famous and well-respected names in the geographic region.  Scown's repeat Customers and comments of other Customers continue to evidence the high regard and reputation Scown Hotel Services and the SCOWN MARK have achieved.

13.     As a result of this extensive publicity, as well as Scown's own extensive advertising and promotion of its hotel services under the SCOWN MARK, the SCOWN MARK has acquired distinctiveness and secondary meaning signifying Scown as the source and original of services sold and/or distributed under the SCOWN MARK.

14.     Scown has sold millions of dollars in hotel services under the SCOWN MARK. Scown has common law rights in the SCOWN MARK under California law and Scown has recently initiated a trademark registration process for the SCOWN MARK with the USPTO, as U.S. Trademark Application number 87101573.

15.     Since on or about 2005, Scown has maintained an Internet website at www.humboldtredwoodsinn.com which, as is apparent, incorporates the SCOWN MARK into the domain name to facilitate Customers' and potential Customers' searches for Scown Hotel Services.  On that website, Scown publicizes and promotes its SCOWN MARK and the Scown Hotel Services sold under the SCOWN MARK. The SCOWN MARK has also been listed on numerous online travel agencies (including Hotels.com, Expedia, Priceline.com, Bookings.com, and Trip Advisor), listed in Yelp and the phone directory,  used in advertising with the California Automobile Association and was listed in and with the California Official State Visitor's Guide Book, the Garberville Chamber of Commerce (for about twenty (20) years), the Humboldt County Convention and Visitors Bureau, the California Lodging

Association, the Driving Tours in Redwood Country Guide, and at other publications.

15.    As a result of its extensive advertising, marketing, distribution, and sale of hotel services under the SCOWN MARK, as well as its long and extensive use and promotion of the mark itself, Scown has developed widespread regional recognition for his Scown Hotel Services and his SCOWN MARK and enjoys a valuable reputation and goodwill in the SCOWN MARK, which have acquired distinctiveness and secondary meaning signifying Scown as the source and origin of goods and services offered under the SCOWN MARK.

## HRI'S BUSINESS AND UNFAIR COMPETITION

16.    At all relevant times, HRI has been engaged in the business of providing hotel services in interstate commerce to Customers.

17.    On information and belief HRI solicits and acquires Customers in the same or similar channels as utilized by Scown including the use of social media, online travel related services, local affiliations and conventional advertising media.

18.    HRI is each fully aware of Scown's Hotel Services and the SCOWN MARK as an industry leader as a quality provider of hotel services and knew that many of HRI's Customers required hotel services.

19.    On information and belief, on many occasions, HRI Customers negotiated for the purchase of what the customer believed to be Scown's Hotel Services.

20.    Since HRI could not provide Scown Hotel Services, or even provide Scown quality hotel services, HRI substituted its own HRI Hotel Services without informing the Customer of the switch.  Upon information and belief, HRI realized significant additional profits by selling these inferior HRI Hotel Services instead of the Scown Hotel Services the Customer's believed themselves to be buying..

21.    HRI's intent in supplying HRI Hotel Services, posing as Scown's Hotel Services was based on greed.

22.    On information and belief, when an HRI Customers raised questions to an HRI representative about whether the hotel services being provided were Scown Hotel Services, the

HRI representative would falsely advise the Customer that indeed the HRI Hotel Services were Scown Hotel Services.

23.     Upon information and belief, HRI has passed off many inferior HRI Hotel Services as Scown Hotel Services to Customers in interstate commerce, in part by use of a deceptively similar name to that of the Scown hotel, for the HRI hotel.

24.     Scown had no knowledge of HRI's ongoing efforts to trick  Customers into believing they were purchasing Scown Hotel Services.

25.     Upon information and belief, HRI commenced and continued their infringement of Scown's valuable SCOWN MARK, despite actual or constructive notice of Scown's prior use and rights in the SCOWN MARK for hotel services, in order to capitalize and benefit from the reputation and goodwill built up by Scown in the SCOWN MARK and to deceive Customers wishing to purchase the Scown Hotel Services.

26.     From time to time Customers would arrive at the Scown hotel claiming to have reservations only to learn that in fact the Customer's reservations had been made at the HRI's "Humboldt Redwood Inn" not at Scown's "Humboldt Redwoods Inn".

27.     Expedia, the online travel service, contacted Scown in early 2016 with a "welcome to Expedia" call, only to be reminded by Scown that the HRI hotel was likely the intended recipient of the call since Scown's "Humboldt Redwoods Inn" had been in existence from about 1993.

28.     HRI's acts and omissions as described herein were committed with malice and constituted despicable conduct showing a willful and conscious disregard for Scown's rights and/or an intent to injure Scown and the Scown Hotel Business.

29.     By reason of HRI' acts and omissions as alleged herein, Scown has suffered and will continue to suffer damage to its business, reputation, and goodwill, as well as the loss of sales and profits Scown would have made but for HRI's infringing acts and omissions.

30.     Each time HRI delivered its HRI Hotel Services Services instead of the desired Scown Hotel Services the Customer believed it was to receive, Scown lost a sale it rightfully

should have had.  In addition, HRI's malfeasance is likely to cause confusion, mistake, or deception and result in the unjust enrichment of HRI.

## COUNT I
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))
### (All Defendants)

31.     Scown incorporates by reference paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32.     As a result of Scown's extensive use and promotion of its SCOWN MARK for Hotel Services, and its commitment to protecting the distinctiveness of its SCOWN MARK, such mark enjoys considerable goodwill, widespread regional recognition, and secondary meaning in commerce as associated with  Scown and Scown's Hotel Services.

33.     HRI's unauthorized use of the SCOWN MARK in connection with their advertising, marketing, distribution, and sale of hotel services in interstate commerce constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of HRI and Scown and Scown Hotel Services or the origin, sponsorship or approval of the hotel services provided by HRI with Scown Hotel Services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.     HRI's activities and conduct also constitute an attempt to pass off  HRI Hotel Services as Scown Hotel Services, with the intent to deceive and defraud the public and to appropriate Scown's exclusive rights in and to its SCOWN MARK.  Such acts and omissions constitute acts and omissions of unfair competition against Scown in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

35.     The intentional and willful nature of HRI's acts and omissions complained of makes this an exceptional case under 15 U.S.C. § 1117(a), warranting an award of up to treble damages and Scown's attorneys' fees in this matter.

36.     Scown has been, is, and will continue to be irreparably harmed and damaged by HRI's' false designation of the origin of goods, insofar as the public in general and Customers in

particular have been, are being, and will continue to be induced to believe that HRI's hotel services promoted, distributed, and sold under the SCOWN MARK are affiliated or connected with, sponsored by, or related to Scown, and insofar as HRI's false designation of the origin of goods deprives Scown of its ability to control consumer perception of the quality of its hotel services promoted, distributed, and sold under the SCOWN MARK and places the valuable reputation and goodwill of Scown into the hands of HRI, over whom Scown exercises no control.

37.     HRI's conduct as set forth above has damaged Scown, and, unless HRI is enjoined by this Court, will continue to impair the value of Scown's name, marks, reputation, and goodwill.  This harm constitutes injury for which Scown has no adequate remedy at law.

38.     Accordingly, Scown is entitled to money damages and profits in an amount to be determined at trial and a permanent injunction, enjoining and restraining HRI from engaging in further infringement of the SCOWN MARK.

## COUNT II
## COMMON LAW UNFAIR COMPETITION AND PASSING OFF
### (All Defendants)

39.     Scown incorporates by reference paragraphs 1 through 38 of the Complaint, as if fully set forth herein.

40.     HRI's conduct constitutes deception, by means of which the goods advertised, marketed, distributed, and sold under the SCOWN MARKS have been passed off as legitimately affiliated or connected with or otherwise sponsored or authorized by Scown.  As a result, the public has been deceived, and HRI has received income and profits that, but for this deception, they would not have received.  Such conduct constitutes unfair competition and passing off under the common law of the State of California.

41.     Scown has extensively used its SCOWN MARKS in connection with its hotel services.  By reason of Scown's long-standing and extensive use, the SCOWN MARK has become uniquely associated with Scown's Hotel Services and identify Scown as the source of goods bearing the SCOWN MARK.

42.     HRI's attempts to deceive through their use of the SCOWN MARK have caused confusion or misunderstanding and deceived Customers and the general public as to the association between Scown Hotel Services and the hotel services sold by HRI. In addition, HRI's conduct has it to obtain the benefit of, and trade on, the goodwill of Scown, damaging the goodwill established by Scown and resulting in unjust enrichment to HRI.

43.     By reason of the foregoing, HRI has willfully infringed and is continuing to willfully infringe on Scown's common law rights in the SCOWN MARK,   and to trade improperly on the reputation established by Scown.   HRI's unlawful conduct is greatly and irreparably damaging to Scown, and will continue to irreparably damage Scown, unless HRI is restrained by this Court.  Scown is without adequate remedy at law.

44.     HRI's acts and omissions as described herein were committed with malice, and constituted despicable conduct showing a willful and conscious disregard for Scown's rights and/or an intent to injure Scown.

45.     Accordingly, Scown is entitled to money damages and punitive damages in an amount to be determined at trial and a permanent injunction, enjoining and restraining HRI from engaging in further infringement of the SCOWN MARKS.

**COUNT III**
**UNFAIR COMPETITION**
**CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200**
**(All Defendants)**

46.     Scown incorporates by reference paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

47.     HRI's conduct constitutes unfair competition.   HRI has repeatedly passed off inferior hotel services as Scown Hotel Services.   As a result, Consumers and the general public have been deceived, and HRI has received income and profits that, but for this deception, they would not have received.   Such conduct constitutes unfair competition under Cal. Bus. & Prof. Code § 17200.

48.     HRI's attempts to deceive Customers has caused confusion or misunderstanding and deceived Customers and the general public as to the association between Scown and hotel services promoted, distributed, and sold by HRI.

49.     By passing off inferior hotel services as Scown Hotel Services, HRI has gained an unfair competitive advantage in the marketplace at the expense of Scown and the consuming public and caused great and irreparable damage to Scown.

50.     Accordingly, Scown is entitled to restitution of foregone profits preempted by Scown in an amount to be determined at trial and a permanent injunction enjoining and restraining HRI from engaging in further infringement of the SCOWN MARK pursuant to Cal. Bus. & Prof. Code § 17203.

## COUNT IV
## INTENTIONAL INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE
### (All Defendants)

51.     Scown incorporates by reference paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

52.     Scown has an existing economic relationship and/or one with the probability of future economic benefit with each of the HRI Customers who otherwise understood or had reason to believe that Lodging Services provided by HRI were in fact Scown Hotel Services.

53.     HRI had knowledge of this economic relationship and probability of future economic benefit reflected in the use by HRI of the SCOWN MARK and the efforts of HRI to pass off it hotel services as Scown Hotel Services.

54.     HRI intentionally sought to disrupt this economic relationship between Scown and the Customers who attempted to buy Scown Hotel Services, by passing off inferior HRI Hotel Services as Scown Hotel Services.

55.     HRI has disrupted Scown's economic relationships and the probability of future economic benefits with these Customers because Scown lost sales of hotel services to these Customers and because the inferior HRI Hotel Services have been passed off as Scown Hotel Services, thereby damaging Scown's reputation for hotel services of a higher quality.

56.     On information and belief, HRI's intentional interference has caused Scown to lose sales of hotel services and damaged Scown's ongoing economic relationship with Customers and the general public.

57.     HRI's acts and omissions as described herein were committed with malice, and constituted despicable conduct showing a willful and conscious disregard for Scown's rights and/or an intent to injure Scown.

58.     Accordingly, Scown is entitled to money damages and punitive damages in an amount to be determined at trial.

**COUNT V**
**TRADEMARK INFRINGEMENT**
**(CALIFORNIA BUSINESS AND PROFESIONS CODE § 14200 ET SEQ.)**
**(All Defendants)**

59.     Scown incorporates by reference paragraphs 1 through 58 of this Complaint, as if fully set forth herein.

60.     Scown possesses a valid mark, the SCOWN MARK, entitled to protection under California Business and Professions Code Sections 14200 et seq. (hereinafter "California Trademark Act").

61.     HRI has used the SCOWN MARK in the manner hereinbefore alleged.  Such use is likely to cause Customer confusion, or to cause mistake and/or deceive Customers as to the affiliation, connection or association of Scown's hotel services with those of HRI and is likely to cause Customers to believe, falsely, that HRI's hotel services are created, sponsored by and/or affiliated with Scown's Hotel Services.  Such use has never been authorized by Scown.

62.     By reason of HRI's acts and omissions as alleged herein, Scown has suffered and will continue to suffer damage to its business, reputation, and goodwill, as well as the loss of sales and profits Scown would have made but for HRI's infringing acts and omissions, and HRI will have been and continue to be unjustly enriched in an amount to be determined at trial.

63.     HRI's conduct as set forth above has damaged Scown, and, unless HRI is enjoined by this Court, will continue to impair the value of Scown's name, mark, reputation, and goodwill.  This harm constitutes injury for which Scown has no adequate remedy at law.

-11-
**COMPLAINT**

64.    HRI's acts and omissions as described hereinabove were committed with malice, and constituted despicable conduct showing a willful and conscious disregard for Scown's rights and/or an intent to injure Scown.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Scown prays that judgment be entered in its favor against Roshan B. Patel, doing business as Humboldt Redwood Inn, or Humboldt Redwood Inn, an entity as follows:

A.    Permanently enjoining and restraining HRI, its officers, directors, executives, agents, subsidiaries, affiliated companies, and all other persons, firms, corporations, or other entities in active concert and participation with it, from:

(i)    advertising, marketing, promoting, distributing, offering for sale, or selling any hotel services using trademarks, tradenames, or service marks comprising in whole or in part any of the SCOWN MARK or any name confusingly similar thereto, except in a manner that is expressly authorized in writing by Scown;

(ii)    passing off any non-Scown hotel services as produced or provided by, affiliated with, or sanctioned by Scown; and

(iii)    doing any other act or thing that is likely to induce the mistaken belief that HRI's Hotel Services are in any way affiliated or connected with, sponsored by, or related to Scown or, vice versa, that Scown's goods or services are in any way affiliated or connected with, sponsored by, or related to HRI, or that is likely to diminish the distinctiveness of the SCOWN MARK.

B.    Requiring HRI, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Scown within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which HRI has complied with the injunction, discontinued hotel services bearing the SCOWN MARK except as expressly authorized in writing by Scown, and implemented adequate and effective means to discontinue advertising, marketing, promoting, distributing, offering for sale, and selling hotel services bearing the SCOWN MARK except as expressly authorized in writing  by Scown;

**COMPLAINT**

C.      Requiring HRI, pursuant to 15 U.S.C. § 1118, to deliver for destruction, or show proof of said destruction or sufficient modification to eliminate the infringing matter as set forth herein;

D.      Requiring HRI to:

(i)      account for and pay to Scown all profits derived by HRI from the acts and omissions complained of herein;

(ii)     reimburse Scown for all compensatory damages suffered by Scown by reason of HRI's acts and omissions complained of herein;

(iii)    remit to Scown punitive damages in an amount to be determined at trial based on the malice with which HRI committed the acts and omissions complained of herein; and

E.      Requiring HRI to reimburse Scown for the cost of this action, including Scown's reasonable attorneys' fees and disbursements pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

F.      Requiring that HRI remit to Scown prejudgment interest on any and all damages awarded to Scown; and

G.      Requiring that Scown be awarded such other relief as this Court deems just and reasonable.

### JURY DEMAND

Plaintiff hereby demands trial by jury of all issues triable by right to a jury.

Respectfully submitted,

**Attorney for Plaintiff,**

Date:  November 22, 2016

/s/ Mitchell Miller, Esq.
(SBN:  101109)
MILLER LAW GROUP
260 Sheridan Avenue, Suite 208
Palo Alto, CA  94306
Telephone:  650.566.2290
Facsimile: 650.566.2298
mmiller@millerlg.com

-13-
**COMPLAINT**